**STATE of Utah, Plaintiff and Appellee,**

v.

**Dayton J. BELGARD, Defendant and Appellant.**

**No. 900267–CA.**

Court of Appeals of Utah.

May 8, 1991.

federal laws and municipal ordinances at all times...."

Kenneth R. Brown (argued), Brown and Cox, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen. and Marian Decker (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BENCH, GREENWOOD and ORME, JJ.

## OPINION

BENCH, Judge:

Defendant appeals his conviction following a bench trial for possession of a dangerous weapon by a restricted person, a third degree felony under Utah Code Ann. § 76–10–503(2) (1990). We affirm.

On March 1, 1989, defendant and his wife stayed overnight at the apartment of an acquaintance who, unbeknownst to defendant, was an informant for the FBI and Metro Narcotics. The informant and defendant had met while they were both serving time in the Utah State Prison. The informant's apartment was specially equipped with surveillance equipment for recording drug purchases arranged by the informant. Shortly after arriving, defendant removed a .45–caliber handgun from beneath his shirt.

On the morning of March 2, the informant called the undercover agent with whom he was working and told him that defendant had a gun he might be willing to sell. The undercover agent joined the informant and defendant at the apartment. Their meeting was recorded by means of the surveillance equipment. Defendant showed the agent the gun. When asked whether he would be interested in selling the gun, defendant refused, stating that he still had a "couple of jobs" he wanted to do with the gun and then he would sell it to the agent. Defendant and his wife later left the apartment with defendant carrying the gun in the waistband of his pants.

On March 3, a Salt Lake City police officer responded to a call concerning a used car that had been stolen from a dealership. An employee of the dealership had just seen the stolen car enter a hotel parking lot

across the street from one of the dealership lots. The officer was told that on March 2, a man and woman had attempted to trade a VCR and a handgun for the car, but their offer was declined. After the couple had left, the dealership discovered that the keys to the car were missing. That night, the car was moved from the lot without the dealer's permission.

After talking with the employee at the dealership, the police officer and the employee located the car at the hotel across the street. The car was parked in the stall assigned to defendant's room, so the police officer knocked on defendant's door as part of his investigation. Defendant answered the door. The police officer testified that when the door was opened he could see the interior of the room and that he saw the handgun sitting on the bed, which was approximately five feet from the door. The police officer entered the room, seized the handgun, and arrested defendant.

Inasmuch as defendant had previously been convicted of a crime of violence, he was charged with possession of a dangerous weapon by a restricted person. Defendant's unsuccessful defense at trial was that the handgun, which was approximately 35 years old, was so old that it could not be dangerous. At no time prior to or during the trial did defendant ever contest the admission of the gun into evidence.

After his conviction, defendant obtained new counsel and sought a new trial. He asserted for the first time that the handgun was obtained by the police through an unconstitutional search and seizure and that he was denied effective assistance of counsel because his trial counsel did not object to the admission of the handgun. Defendant's motion for a new trial was denied. Defendant again obtained new counsel and then filed a motion to arrest judgment pursuant to rule 23 of the Utah Rules of Criminal Procedure. Rule 23 provides as follows:

At any time prior to the imposition of sentence, the court upon its own initiative may, or upon motion of a defendant shall, arrest judgment if the facts proved or admitted do not constitute a public offense, or the defendant is mentally ill, or there is other good cause for the arrest of judgment.

Defendant asserted in support of his motion that the judgment should have been arrested because the evidence against him was obtained by an unreasonable search and seizure in violation of his fourth amendment rights. In connection with his motion to arrest judgment, defendant moved to suppress the handgun. The trial court thereupon conducted what was purported to be a "suppression hearing" at which defendant's new counsel questioned the arresting officer about the details of defendant's arrest. Defendant's new counsel raised some questions about the statements made by the arresting officer at trial. The trial court nevertheless held that the handgun was in plain view when defendant opened his door and therefore denied the motion to arrest judgment.

Defendant appeals, claiming that the trial court erred in denying his motion to arrest judgment in light of the alleged constitutional violation. We affirm defendant's conviction but, because of the procedural irregularities in this case, we do so on a slightly different ground than that relied upon by the trial court. *See Buehner Block Co. v. UWC Assocs.*, 752 P.2d 892, 894–95 (Utah 1988) (appellate court may affirm trial court on any proper ground, even though the trial court assigned another reason for its ruling); *State v. Bryan*, 709 P.2d 257, 260 (Utah 1985).

■ Any objection to the introduction of the handgun into evidence was waived when defendant's counsel consented to its admission without objection. Rule 12 of the Utah Rules of Criminal Procedure provides:

(b) Any defense, objection or request, including requests for rulings on the admissibility of evidence, which is capable of determination without the trial of the general issue may be raised prior to trial by written motion. The following shall be raised at least five days prior to the trial:

. . . .

(2) motions concerning the admissibility of evidence;

. . . .

(d) Failure of the defendant to timely raise defenses or objections or to make requests which must be made prior to trial or at the time set by the court *shall constitute waiver thereof, but the court for cause shown may grant relief from such waiver.*

(Emphasis added.)

■ The principle of waiver under rule 12(d) increases judicial efficiency and economy, creates a predictable system of advocacy, and fosters finality in convictions. The principle also serves the public interest by reducing litigation expenses. *See Watkiss and Campbell v. Foa & Son,* 808 P.2d 1061 (Utah 1991). If a defendant has, as a possible defense, a claim that his or her rights have been violated, then the defendant must raise the issue before trial or else lose the claim. *See, e.g., State v. DeMille,* 756 P.2d 81, 83 (Utah 1988) (failure to object to the manner of voir dire during voir dire waived any objection, even though actual bias was discovered after the trial); *State v. Lairby,* 699 P.2d 1187, 1192 (Utah 1984) (failure to object to the legality of arrest waived the issue).[1]

In *State v. Tuttle,* 16 Utah 2d 288, 292, 399 P.2d 580, 582, *cert. denied,* 382 U.S. 872, 86 S.Ct. 129, 15 L.Ed.2d 110 (1965), the Utah Supreme Court held that Tuttle's objection to the legality of a search had been waived. The supreme court reasoned that:

there was no timely objection made to the evidence in question. Everything concerning such evidence was known to the defendant at the time of the preliminary hearing. . . . No objection was made to the evidence, nor was there any indication of a contention that there had been an illegal search. Neither then nor at the trial was there any motion to suppress. On the contrary, during the trial the defendant's counsel in his questioning continually referred to these exhibits. . . . Fairness requires that if he disputed the competency of the evidence he should make his objection at the earliest reasonable opportunity. He should not be permitted to wait until the questioned evidence was before the jury and attempt to make use of it, then claim that it was not admissible. *Inasmuch as he chose to conduct his examination upon the basis of this evidence[ ] before he stated his objection to it[,] he should be deemed to have waived any such objection.*

(Emphasis added.)

Defendant in the present case focused his defense at trial on the characteristics of the handgun that was introduced into evidence. Defense counsel conducted considerable questioning in order to show that the gun was not "dangerous." She asked about the age of the gun, whether the gun had been recently fired, whether the gun had hung for years on a plaque as a collector's piece, whether the gun was loaded or did it even have a magazine or clip, wheth-

---

1. Rule 12 is tempered by the fact that even if an issue is deemed waived, a defendant may challenge the constitutionality of a trial by alleging that counsel was ineffective in failing to object and preserve an issue for appeal.

Ordinarily, the failure to raise an objection below would preclude our consideration of [an] argument on appeal. Utah R.Evid. 103(a)(1). However, [appellant] seeks to avoid the effect of her counsel's failure to preserve the objection by arguing that the failure operated to deny her the effective assistance of counsel guaranteed by the sixth and fourteenth amendments of the United States Constitution.

*State v. Verde,* 770 P.2d 116, 118 (Utah 1989). Such claims, because of their nature, may cause an appellate court to consider an issue for the first time on appeal despite the trial coun-

sel's failure to raise the issue at trial. *See State v. Wight,* 765 P.2d 12, 15 (Utah Ct.App.1988) (appellate court may "consider assignments of error where no objection is made at trial to the extent they bear upon a claim of incompetence of counsel"). *See also State v. Moton,* 749 P.2d 639, 643 (Utah 1988) (defendant claimed that counsel was ineffective because counsel passed a juror without objection and thereby waived any objection); *State v. Morehouse,* 748 P.2d 217 (Utah Ct.App.1988) (defendant claimed that counsel was ineffective because counsel did not object to admission of evidence seized in warrantless search and thereby waived any objection). In the present case, defendant raised the question of ineffective assistance of counsel in his motion for a new trial, but does not argue ineffective assistance of counsel on appeal.

er the gun was mechanically functional, and so forth. By actually having the gun entered into evidence, the factfinder could see that the gun was in fact old and missing some of its parts. Given the eyewitness testimony placing the gun in defendant's possession at the informant's apartment, prior to its seizure at the hotel, counsel's failure to object to the gun's admission may well have been a trial strategy. *See, e.g., State v. Morehouse,* 748 P.2d 217, 219 (Utah Ct.App.1988) (failure to object to admission of evidence was within ambit of trial strategy since defense called expert witness who used the same challenged evidence in support of his proposition). To permit defendant now to claim that the gun should not have been admitted, would permit him to present one strategy, lose, and then start over with a whole new strategy. We will not "sanction the practice of withholding positions that should properly be presented to the trial court but which may be withheld for purposes of seeking a reversal on appeal and a new trial or dismissal." *State v. Lee,* 633 P.2d 48, 53 (Utah) *cert. denied,* 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981).

▪ The waiver doctrine applies with equal force to claims of constitutional violations. In *State v. Carter,* 707 P.2d 656 (Utah 1985), Carter claimed on appeal that his fourth amendment rights had been violated by a warrantless search of his backpack. Carter, however, had never raised such an argument at trial and was therefore considered to have waived the issue.

> [W]here a defendant fails to assert a particular ground for suppressing unlawfully obtained evidence in the trial court, an appellate court will not consider that ground on appeal. "[T]he failure to assert a particular ground in a pre-trial suppression motion *operates as a waiver of the right to challenge the subsequent admission of evidence on that ground.*"

*Id.* at 660 (quoting *State v. Schwartz,* 535 F.2d 160, 163 (2d Cir.1976) (emphasis added)). *See also State v. Webb,* 790 P.2d 65, 77 (Utah Ct.App.1990) ("we generally will not consider an issue, even a constitutional one, which the appellant raises on appeal

for the first time"). *Cf. Davis v. United States,* 411 U.S. 233, 238, 93 S.Ct. 1577, 1581, 36 L.Ed.2d 216 (1973) (rule 12(b) of the Federal Rules of Criminal Procedure precludes untimely challenges even when based upon constitutional grounds).

▪ In order for this court to consider defendant's claim, he must show special circumstances to justify his failure to raise the issue in a motion to suppress. In *State v. Lee,* 633 P.2d at 53, defendant claimed that a police officer should have obtained a warrant before seizing stolen equipment found in his camper. The supreme court refused to even address his constitutional argument because it had not been raised before the trial court and no cause was shown as to why relief from the waiver should have been granted.

> Generally, this Court will not rule on an issue raised on appeal for the first time. This rule is particularly applicable to motions to suppress which should be supported by precise averments, not conclusory allegations.
>
> . . . .
>
> There is nothing in the record to indicate that the point now urged upon this Court was unavailable or unknown to defendant at the time he filed his motion to suppress, and to entertain the point now would be to sanction the practice of withholding positions that should properly be presented to the trial court but which may be withheld for the purpose of seeking a reversal on appeal and a new trial or dismissal.
>
> Generally, there is no justification for not presenting all available grounds in support of a motion to suppress, and in the absence of special circumstances, an appellate court will not rule on grounds not addressed in the trial court.

*Id.* at 53 (citations omitted). *See also Webb,* 790 P.2d at 78.

Defendant fails to present any special circumstances that would justify considering his claim since he has not shown that the constitutional violation now alleged was "unavailable or unknown" at the time his motion to suppress should have been filed. *Lee,* 633 P.2d at 53.

[G]iven the intricacies of trial scheduling and crowded dockets, and the desirability of deciding questions of government misconduct not relevant to the issue of guilt prior to trial, courts are understandably reluctant to grant relief except in unusually meritorious cases for untimely motions under Rule 12.

*United States v. Mangieri,* 694 F.2d 1270, 1283 (D.C.Cir.1982).

■ Defendant nevertheless asserts that the issue was presented to the trial court by means of his motion to arrest judgment. Defendant misunderstands the effect of raising for the first time in post-trial motions issues that have already been waived during trial. If an issue is waived during trial, it cannot be revived simply by a party's attempt to raise it in a post-trial motion. In *State v. Webb,* 790 P.2d at 75, Webb claimed in a motion for a new trial that he was denied effective assistance of counsel in violation of the sixth amendment because his counsel had a conflict of interest. Under the rule established in *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), Webb was required to raise any claim of conflict of interest in a timely manner at trial. On appeal, Webb asserted that he had raised the issue at trial because he had raised it in his motion for a new trial. This court "reject[ed] out-of-hand Webb's absurd contention that his post-conviction motion for new trial was [a] timely 'objection at trial.'" *Webb,* 790 P.2d at 75.

The Utah Supreme Court rejected a similar argument in a civil context. In *Beehive Medical Electronics v. Square D Co.,* 669 P.2d 859 (Utah 1983), the appellant had attempted in a motion for a new trial to expand upon the grounds for a general objection it made during trial. The supreme court found that the general objection was too vague to preserve the issue for appeal. It then held that trying to explain in a motion for new trial the grounds for the objection did not "cure the lack of timeliness in making proper objections to the trial court." *Id.* at 861. The court focused its reasoning on whether the appellant had preserved the issue "at the time of the trial." *Id.*

In *State v. Johnson,* 100 Utah 316, 114 P.2d 1034 (1941), the defendant moved to arrest judgment claiming that he was improperly charged in district court rather than justice of the peace court. The trial court arrested judgment based upon the defendant's jurisdictional argument. The Utah Supreme Court reversed. It held that the issues raised by defendant in his motion to arrest judgment dealt with venue, not subject-matter jurisdiction. "Not having raised the question of venue, defendant waived it. The court was in error in arresting judgment and discharging the defendant." *Id.* at 1043.

■ Rule 12(d) provides the proper procedure for obtaining relief from a waiver: "the court for cause shown may grant relief from such waiver." Absent a showing of cause by the waiving party, and a finding of cause by the trial court, an issue previously waived cannot be considered. No such cause was ever found by the trial court in this case. In fact, defendant did not even proffer any reason as to why his waiver should have been set aside other than the allegation that counsel had made a mistake. The mere allegation that an objection should have been made does not constitute cause. *E.g., State v. Loe,* 732 P.2d 115 (Utah 1987). If it did, the waiver provisions of rule 12 would be rendered meaningless.

Defendant cites the recent decision of the Utah Supreme Court in *State v. Matsamas,* 808 P.2d 1048 (Utah 1991) as support for his argument that his claim has not been waived under rule 12. At issue in *Matsamas* was whether the trial court made sufficient findings regarding the statutory requirements for admission of a child victim's out-of-court statements regarding sexual abuse. *See* Utah Code Ann. § 76–5–411 (1990). Matsamas first challenged the admissibility of the hearsay statements in a motion in limine before Judge Dee over nine months before the trial. The motion to suppress was denied without the entry of findings as required by *State v. Nelson,* 725 P.2d 1353, 1356 n. 3 (Utah 1986). Mat-

samas requested the trial judge, Judge Uno, to make the required findings at the beginning of the trial. Judge Uno declined, electing instead to make the requested findings when the statements were presented at trial. When the State offered the hearsay evidence, Matsamas objected and Judge Uno finally made findings in order to comply with the statute and *Nelson*.

On appeal, the State argued that any error in the trial court's findings as to the admissibility of the hearsay had been waived under rule 12 of the Utah Rules of Criminal Procedure. The supreme court summarily dismissed the State's argument stating:

> whatever the requirements of rule 12(b)(2), Judge Uno chose not to treat defendant's failure to raise the issue with him before the first day of trial as a waiver. Instead, he proceeded to consider the claim. Therefore, the objection was preserved for appeal. The judge effectively waived the requirements of rule 12.

*Id.* at 1053.

While at first glance it might appear that Judge Uno waived the waiver provisions of rule 12, that is a mischaracterization of the procedural posture of the case. Inasmuch as Matsamas questioned the admissibility of the hearsay evidence over nine months before the trial in a motion in limine, he satisfied the requirements of rule 12 that

such motions be made at least five days prior to trial. In other words, no waiver ever occurred under rule 12.[2]

The United States Supreme Court has similarly applied the federal version of rule 12. In *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the defendant was trying to avoid the waiver provision of rule 12(b) of the Federal Rules of Criminal Procedure in his post-conviction petition for habeas corpus. The Supreme Court held that once the issues were waived under rule 12, they could not be resurrected without a showing of "cause" as expressly required under rule 12.

> We think it inconceivable that Congress, having in the criminal proceeding foreclosed the raising of a claim such as this after the commencement of trial in the absence of a showing of "cause" for relief from waiver, nonetheless intended to perversely negate the Rule's purpose by permitting an entirely different but much more liberal requirement of waiver in federal habeas proceedings. We believe the necessary effect of the congressional adoption of Rule 12(b)(2) is to provide that a claim once waived pursuant to that Rule may not be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of "cause" that the rule requires. We therefore hold that the waiver standard expressed in Rule 12(b)(2) governs an

**2.** The confusion in *Matsamas* appears to stem from the overlapping effect of rule 12 of the Utah Rules of Criminal Procedure with rule 103(a) of the Utah Rules of Evidence. *See State v. Lesley*, 672 P.2d 79, 82–83 (Utah 1983) (interpreting rule 4, the predecessor to rule 103) (Howe, J., concurring). Rule 103(a) provides that an objection to evidence must be made in a timely manner or it is deemed waived. In *State v. Lesley* the Utah Supreme Court held that when the trial judge is not the same judge who heard and denied a pre-trial motion to suppress, a party must renew its objection to admissibility at trial or the issue would be deemed waived under rule 103(a), even though rule 12 had been satisfied.

Because Matsamas was before a new judge at trial, he was required under *Lesley* to object once again at trial or any objection to the admission of the hearsay would be considered waived under rule 103(a). Since Matsamas re-

quested the findings required by statute and objected to the hearsay evidence at trial, Matsamas did not, under rule 103(a), waive his challenge to the admissibility of the hearsay. *See, e.g., State v. Eldredge*, 773 P.2d 29, 34–35 (Utah 1989) (defendant, whose motion to suppress had been denied, waived any objection to admissibility of the child victim's out-of-court statements because he did not request the findings dictated by the statute and because he made no objection at trial); *State v. Wareham*, 772 P.2d 960, 962–63 (Utah 1989) (lodging of continuing objection to admissibility of evidence at start of trial proceedings was sufficient to preserve issue for appeal).

Judge Uno was therefore correct in hearing Matsamas's objection, not because Judge Uno waived the requirements of rule 12, as implied by the supreme court in *Matsamas,* but because no waiver ever occurred under rule 12 or rule 103(a).

untimely claim ... not only during the criminal proceeding, but also on later collateral review.

411 U.S. at 242, 93 S.Ct. at 1582–83. *See also Wainwright v. Sykes*, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977) (issues waived under state rules could not be considered in federal habeas proceedings without a showing of cause).

It would be inconsistent to hold that an issue is waived at trial and on appeal unless a defendant can show "cause," but that it may be resurrected without any showing of "cause" if raised in a motion to arrest judgment. We therefore hold that the same standard applies throughout the criminal proceeding, both during the trial and during any post-trial motions. Before any issue waived by virtue of rule 12 may be considered, there must be a prerequisite showing and finding of "cause." A motion to arrest judgment alone simply does not cure the waiver of a timely objection to the admissibility of evidence. *Cf. State v.*

*Johnson*, 114 P.2d at 1043. The trial court therefore could not have properly entertained defendant's motion to arrest judgment without having first found that there was cause to grant relief from the waiver provisions of rule 12.

The trial court made no finding of cause; indeed, there was no basis for such a finding. Therefore, defendant's motion to arrest judgment should have been denied as a matter of law.

Defendant's conviction is affirmed.

GREENWOOD, J., concurs.

ORME, J., concurs in the result.