STATE of Utah, Plaintiff
and Respondent,

v.

Dayton J. BELGARD, Defendant
and Petitioner.

No. 910255.

Supreme Court of Utah.

March 27, 1992.

R. Paul Van Dam, Marian Decker, Salt Lake City, for plaintiff and respondent.

Kenneth R. Brown, Salt Lake City, for defendant and petitioner.

PER CURIAM:

Defendant Belgard, the petitioner in this case, challenges a decision by the court of appeals that affirmed the trial court's denial of defendant's motion for arrest of judgment and suppression of evidence. We granted certiorari and now remand the case to the court of appeals for further proceedings consistent with this opinion.

Comprehensive facts are set out in *State v. Belgard,* 811 P.2d 211 (Utah Ct.App. 1991). The facts here are limned only to the extent necessary to explain this court's ruling.

Officer Maxwell of the Salt Lake City Police Department and two backup officers were summoned to a downtown motel where a man and woman had driven a car that had been reported stolen earlier. Maxwell found the car in a stall assigned to unit 4 of the motel. He proceeded to have the windows and only exit door from unit 4 secured before he knocked at the door. When defendant partially opened the door, Maxwell saw a gun on the bed, walked in, seized the gun, and arrested defendant.

Defendant was charged with possession of a dangerous weapon by a restricted person, a third degree felony under Utah Code Ann. § 76–10–503(2) (1990). The gun was admitted into evidence at trial without defendant's objection. His counsel attempted to show that the 35–year–old gun could not possibly have been dangerous.

After his conviction as charged, defendant obtained new counsel, who sought a new trial on the bases that the gun had been seized in an unconstitutional search and seizure and that defendant had been denied the effective assistance of counsel when that counsel failed to object to the

admission of the gun into evidence. The motion was denied.

Defendant again sought new counsel, who brought a motion to arrest judgment under rule 23 of the Utah Rules of Criminal Procedure. Counsel claimed that the search and seizure violated defendant's fourth amendment right and asked the court to suppress evidence of the gun. The trial judge held an evidentiary hearing at which counsel questioned Officer Maxwell about defendant's arrest. After the close of evidence, the trial court held that the gun was in plain view when defendant opened the door and denied the motion to arrest judgment.

Defendant appealed to the court of appeals, claiming that the trial court had erred in denying his motion to arrest judgment in light of what he claimed was a constitutional violation. The court of appeals concluded that the trial court had erred in granting defendant an evidentiary hearing on his motion for arrest of judgment. Defendant had not shown cause under rule 12(d) to grant relief from waiver, and the trial court should have denied the motion as a matter of law. On that ground, the judgment of conviction was affirmed.

At the outset, the court of appeals concluded that defendant had waived his objection to the introduction of the handgun into evidence under rule 12(b) and (d) of the rules of criminal procedure. Rule 12(b)(2) requires motions concerning the admissibility of evidence to be raised at least five days prior to trial. Utah R.Crim.P. 12(b)(2). Under rule 12(d), failure to raise a timely objection constitutes waiver unless "the court for cause shown [grants] relief from such waiver." Utah R.Crim.P. 12(d). The court of appeals suggested that trial counsel's failure to object to the introduction of the gun into evidence might have been deliberate trial strategy. 811 P.2d at 215. Absent defendant's presentation of unusual circumstances, it refused to address the issue because it was raised first on appeal. Numerous cases from this court and one case from the court of appeals were cited in support: *State v. De-*

*Mille,* 756 P.2d 81, 83 (Utah 1988); *State v. Carter,* 707 P.2d 656, 660 (Utah 1985); *State v. Lairby,* 699 P.2d 1187, 1192 (Utah 1984) (overruled on other grounds by *State v. Ossana,* 739 P.2d 628, 631 n. 8 (Utah 1987)); *State v. Lee,* 633 P.2d 48, 53 (Utah), *cert. denied,* 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981); *State v. Tuttle,* 16 Utah 2d 288, 399 P.2d 580, 582, *cert. denied,* 382 U.S. 872, 86 S.Ct. 129, 15 L.Ed.2d 110 (1965); *State v. Johnson,* 100 Utah 316, 114 P.2d 1034, 1043 (1941); *State v. Webb,* 790 P.2d 65, 77 (Utah Ct.App.1990).

The fact remains that an evidentiary hearing was granted. The cases cited by the court of appeals in support of its refusal to reach defendant's issue of unconstitutional search and seizure are not very helpful. With the exception of *Johnson,* none of those cases dealt with motions for arrest of judgment and evidentiary hearings before the motions were denied. In *Johnson,* the defendant had brought a postjudgment motion to arrest judgment on jurisdictional grounds which the trial court granted. This court held that the issue was one of venue instead, which the defendant had waived, but did not reverse the trial court's ruling because defendant had been discharged. Also, *Johnson* was decided before the Utah Rules of Criminal Procedure here at issue were in effect.

In spite of the court of appeals' disagreement with this court's holding in *State v. Matsamas,* 808 P.2d 1048 (Utah 1991), that case is directly on point. Matsamas's appeal challenged the trial court's admission of hearsay evidence of four adults on the sexual abuse Matsamas had inflicted upon a young child. The State argued that Matsamas had waived the issue inasmuch as he presented it to the court at the time of trial, not, as required under rule 12(b)(2), at least five days before trial. This court responded:

> The problem with the State's argument is that whatever the requirements of rule 12(b)(2), Judge Uno chose not to treat defendant's failure to raise the issue with him before the first day of trial as a waiver. Instead, he proceeded to consider the claim. Therefore, the objection

was preserved for appeal. The judge effectively waived the requirements of rule 12. *See* Utah R.Crim.P. 12(b)(2).

808 P.2d at 1053 (footnote omitted).

It appears to this court that here the trial court in the exercise of its discretion could have found that a constitutional challenge to the validity of a search and seizure was cause to grant relief from defendant's waiver. Implicit in granting the post-judgment evidentiary hearing was the trial court's finding that there was cause to grant that relief. We differ with the court of appeals that a formal finding of cause is required before an issue previously waived can be considered by the trial court. Motions objecting to the admissibility of evidence allow the trial court the opportunity to address the matter in the first instance and to correct any errors it may have committed before a reviewing court addresses the issue. "Counsel gives the trial court the opportunity to conduct the trial without using the tainted evidence, and thus avoid possible reversal and a new trial." *State v. McCardell*, 652 P.2d 942, 947 (Utah 1982) (applying a similar rationale to the contemporaneous objection rule). That was done here. The trial court in effect reopened the trial when it held an evidentiary hearing to address defendant's claim made in his motion to arrest judgment that the handgun was seized illegally.

We hold that the court of appeals committed a procedural error when it failed to reach defendant's issue on appeal that the search and seizure was illegal and that the evidence should have been suppressed. We therefore remand to that court for the purpose of addressing the issue defendant preserved for appeal.

STEWART, J., dissents.