2010 UT App 281

STATE of Utah, Plaintiff and Appellee,

v.

Wayne Jay BERGESON, Defendant and Appellant.

No. 20090162–CA.

Court of Appeals of Utah.

Oct. 7, 2010.

Justin Kent Roberts, Salt Lake City, for Appellant.[1]

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and THORNE.

## MEMORANDUM DECISION

THORNE, Judge:

¶ 1 Wayne Jay Bergeson appeals from his convictions of multiple sexual exploitation and weapons charges, arguing that the district court erred in refusing to consider his motion to suppress evidence on the ground that it was untimely filed. We reverse the district court's order refusing to hear Bergeson's suppression motion and remand for consideration of that motion.

¶ 2 At Bergeson's July 2007 arraignment, the district court ordered that Bergeson had until September 7 to file a motion to suppress. Bergeson failed to file his motion by that date. At an October pretrial conference, the district court set a new filing deadline of November 11. Bergeson again failed to file a motion by the deadline. At a second pretrial conference on May 2, 2008, the dis-

trict court set a third deadline of May 16. Again, Bergeson failed to timely file his motion. On June 9, the district court again extended the deadline, this time until June 13. Bergeson again failed to file his motion. Finally, at a July 21 hearing, the district court scheduled an October trial despite Bergeson's request for a fourth extension of time in which to file his motion to suppress.

¶ 3 Rule 12(f) of the Utah Rules of Criminal Procedure allows the district court to set pretrial deadlines, including deadlines for motions to suppress evidence. *See* Utah R.Crim. P. 12(f) (addressing the consequences of a defendant's failure to make a motion "at the time set by the court"). Rule 12(f) further provides that a defendant's failure to comply with the court's deadline constitutes a waiver of the unraised issue, although the district court may allow relief from such waiver for good cause shown. *See id.* "The principle of waiver under rule 12[ (f) ] increases judicial efficiency and economy, creates a predictable system of advocacy, and fosters finality in convictions. The principle also serves the public interest by reducing litigation expenses." *State v. Belgard,* 811 P.2d 211, 214 (Utah Ct.App.1991). Further, rule 12(f)'s "waiver doctrine applies with equal force to claims of constitutional violations." *Id.* at 215. Thus, despite the constitutional nature of Bergeson's suppression issue, Bergeson's failure to raise it by motion prior to the district court's final June 13, 2008 deadline might have been considered "waiver thereof." *See* Utah R.Crim. P. 12(f).

¶ 4 Nevertheless, when Bergeson then appeared before the court on July 21, 2008, he made what amounted to a good cause argument to the court as to why he should yet again be allowed an extension in which to file

---

1. Justin Kent Roberts timely filed an appellate brief on Wayne Jay Bergeson's behalf but withdrew as Bergeson's counsel on June 1, 2010. On August 2, after this court had begun its consideration of Bergeson's appeal, Bergeson filed a motion to have counsel appointed. In response, this court remanded the matter to the district court for a determination of Bergeson's indigency and possible appointment of counsel. The district court appointed Bergeson new counsel on August 20 and has since returned the matter to this court.

New counsel has not yet entered an appearance on Bergeson's behalf. While we might ordinarily afford new counsel an opportunity to file a new brief or affirmatively indicate acceptance of the briefing already filed, under the circumstances of this case—and particularly in light of the result favorable to Bergeson—we elect to resolve the case on the briefing submitted by Bergeson's original counsel.

his motion. Specifically, Bergeson argued that he had been unable to obtain a transcript of the preliminary hearing before the expiration of the prior deadline; that he had since obtained such a transcript; that the information contained in the transcript gave rise to a new suppression theory applying the thermal-imaging analysis of *Kyllo v. United States,* 533 U.S. 27, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001); and that this new theory would require the presentation of factual evidence to the district court. The district court did not expressly rule on Bergeson's good cause arguments but instead set the case for an October 2008 trial, noting that the case was first set for trial "almost a year ago."

¶ 5 The district court expressed its understandable frustration with Bergeson's failure to previously file his motion but then failed to grant or deny Bergeson relief from the prior deadline for good cause shown. This prompted the following colloquy between Bergeson's counsel and the district court:

[COUNSEL]: Your Honor, I do have one more question.

[THE COURT]: Uh-huh (affirmative).

[COUNSEL]: Under Rule 12, a Motion to Suppress can still be filed within five days before trial.

[THE COURT]: Uh-huh (affirmative).

[COUNSEL]: Are you precluding us from doing that completely?

[THE COURT]: No.

The district court went on to explain,

You know, what can happen is we'd have the trial and you can present that evidence at trial and I can review it at that time and I'm not really—it's unusual, very unusual to do that but if you happen to have it briefed, we can go through the trial. If Mr. Bergeson is convicted, I can still review the suppression issue at that point and if I find that there's a violation of the Constitution, I can vacate that and grant the Motion to Suppress. It's not what I prefer to do. In fact, I don't remember ever having to do that but when we're a

year, this is a year and a week down the road from the first time this case was set for trial, and that is not normal either. Cases need to move forward. So, that is a possibility I'm willing to consider doing that but we really just have to do this case.

Bergeson did proceed to file a motion to suppress more than five days before trial, but the district court refused to consider it in the course of the trial, as the court had represented it would do "if [Bergeson] happen[ed] to have it briefed."

¶ 6 The district court's comments at the July 21 hearing effected an after-the-fact modification of the preceding deadline just as surely as each of its prior extensions had.[2] The difference was that with each of the prior extensions, the court set a *new* deadline. In its July comments, the district court did not set a new deadline but rather expressed more general conditions for its consideration of Bergeson's motion—that the October 2008 trial would not be delayed and that the court's consideration of a suppression motion would be consolidated into the trial process if Bergeson filed such a motion. In the absence of a new "time set by the court," *see* Utah R.Crim. P. 12(f), the deadline for Bergeson's motion reverted to rule 12's default deadline of five days prior to trial. *See generally id.* R. 12(c)(1)(B) ("The following shall be raised at least five days before trial: ... motions to suppress...."). Accordingly, Bergeson's motion was timely, and the district court should have considered it in the course of trial in accordance with its July 21 comments.

¶ 7 It is clear that the district court exercises the discretion to manage its docket and set firm deadlines for motion practice. *See Clayton v. Ford Motor Co.,* 2009 UT App 154, ¶ 12, 214 P.3d 865 ("A trial court's management of its docket and trial schedule is reviewed for an abuse of discretion."), *cert. denied,* 221 P.3d 837 (Utah 2009); *State v. Rhinehart,* 2006 UT App 517, ¶ 9, 153 P.3d 830 ("We review a claim regarding the administration of a trial court's docket for abuse of discretion."). Similarly, the district

2. Each of the three prior extensions had also been granted after the expiration of the prior deadline.

court has considerable discretion to determine whether a litigant has demonstrated good cause to file a motion after a deadline is missed. *Cf. Brown v. Glover*, 2000 UT 89, ¶ 43, 16 P.3d 540 ("'[T]rial courts have substantial discretion in deciding whether to grant continuances [for good cause shown.]'" (quoting *Christenson v. Jewkes*, 761 P.2d 1375, 1377 (Utah 1988))). The district court's discretion to set and enforce motion deadlines is not limited by the importance or constitutional nature of the motion at issue.[3] *See generally Belgard*, 811 P.2d at 215. However, as in this case, once a district court exercises its discretion and indicates that a motion deadline has been waived or extended, it cannot then decline to hear the motion on grounds of untimeliness.

¶ 8 Thus, the district court could have enforced any of the prior deadlines against Bergeson by determining, in its discretion, that there was not good cause for missing those deadlines. However, after each of the first three missed deadlines, the district court excused Bergeson's waiver and set a new deadline. And, the district court's comments when Bergeson sought relief from missing the fourth and final deadline had the effect of granting Bergeson conditional relief from his final waiver *without* setting a fifth date-certain by which Bergeson was required to file his motion. In the absence of a fifth

deadline set by the district court, Bergeson's motion to suppress needed only to have been filed within the general time set by rule 12—five days prior to trial. *See* Utah R.Crim. P. 12(c)(1)(B).

¶ 9 Bergeson timely sought relief, within the parameters previously set by the court, by filing his motion to suppress more than five days before trial—as allowed by rule 12. Accordingly, we reverse the trial court's refusal to consider Bergeson's motion to suppress and remand for the trial court to consider the merits of the motion. The procedure for considering Bergeson's motion is within the sound discretion of the district court. Should the district court grant Bergeson's motion in whole or in part, the district court shall then determine the consequences of its ruling on Bergeson's convictions.

¶ 10 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and GREGORY K. ORME, Judge.

---

3. The district court does, however, exercise its discretion to enforce deadlines against the backdrop that counsel's failure to meet a deadline on a motion may well give rise to an ineffective assistance of counsel claim. *See State v. Belgard*, 811 P.2d 211, 214 n. 1 (Utah Ct.App.1991).