*1155 THORNE, Judge
(dissenting):
{ 25 I respectfully dissent from the majority opinion. I agree that the trial court erred in applying rule 12 of the Utah Rules of Criminal Procedure, and I concur in the majority opinion's interpretation of that rule. However, I cannot conclude from the record on appeal that the trial court's ruling was harmless. I would instead remand this matter with instructions that the trial court address any suppression issues raised by Defendant and determine what, if any, relief Defendant may be entitled to.
{26 I am in agreement with the majority opinion that, pursuant to rule 12, the deadline for Defendant to file suppression motions did not expire until five days prior to his actual March 2010 trial. See generally Utah R.Crim. P. 12(c)(1)(B). However, in January 2010, the trial court ruled that the deadline had already passed and rejected Defendant's suppression motion on that basis. Had the trial court properly applied rule 12, Defendant would have had some two more months in which to identify and raise additional suppression issues. However, in light of the trial court's January ruling, such additional filings would have been rejected as untimely and would therefore have been futile. It is against this backdrop that I dissent from the majority opinion's conclusion that the trial court's misinterpretation of rule 12 constitutes harmless error in this case.
127 In order for an error to be deemed harmless, it must be shown that there is no reasonable likelihood of a different result absent the error. See generally State v. Verde, 770 P.2d 116, 120 (Utah 1989) (stating that harmless errors are "errors which, although properly preserved below and presented on appeal, are sufficiently inconsequential that we conclude there is no reasonable likelihood that the error affected the outcome of the proceedings"). The majority opinion concludes that the trial court's error was harmless, and does so by (1) limiting its analysis of Defendant's suppression arguments to those arguments actually raised by Defendant in his "untimely" motion to suppress and (2) evaluating those arguments in light of the evidence presented at Defendant's trial. Under the cireumstances presented in this case, I believe that both of those approaches are erroneous.
128 The majority opinion concludes that the preservation rule limits our consideration of Defendant's suppression arguments to "the issues raised in [Defendant's] motion itself" See supra ¶ 10. But this is not an ordinary preservation case. Defendant received newly appointed counsel in early October 2009, and at a November 6 pretrial conference new counsel informed the court that she intended to file a motion to suppress. The trial court indicated at that time that it would rule such a motion to be untimely filed. When the State successfully sought to continue the December 2009 trial, Defendant's counsel proceeded to file a motion to suppress on January 8, 2010. At a January 15 pretrial conference, the trial court denied Defendant's motion as untimely and set trial for March 17.
129 Pursuant to rule 12, the trial court's rescheduling of trial to March 17 reset the deadline for the filing of suppression motions to March 12. See Utah R.Crim. P. 12(c)(1)(B) (requiring motions to suppress to be filed at least five days prior to trial). Thus, Defendant's new counsel had an additional two months in which to familiarize herself with the case and identify and present any additional suppression issues to the trial court.[1] However, the trial court's rule 12 decision put Defendant on clear notice that the filing of any further suppression motions would be futile, as they would also be deemed untimely. I cannot fault Defendant for declining to file such futile motions, and I do not believe that the filing of clearly futile motions is required to preserve issues in the trial court. Cf. State v. Rothlisberger, 2004 UT App 226, ¶ 29, 95 P.3d 1193 ("[Plarties are not required to make futile objections in order to preserve a future claim."); *1156 In re J.W., 2001 UT App 208, ¶ 15 n. 4, 30 P.3d 1232 (stating that, in light of the parties' arguments and the trial court's adverse ruling, an appellant had "preserved the sufficiency of the evidence issue and any further objections or motions regarding this issue would have been futile").
30 In light of the trial court's erroneous ruling precluding Defendant from raising any further suppression issues, I believe it inappropriate to limit the harmless error analysis to those issues actually raised in Defendant's motion. Because Defendant's new counsel was prevented from identifying and briefing any new issues, it is impossible to determine whether such issues might have had merit and resulted in a better result for Defendant. Had the trial court simply denied Defendant's motion on the merits without erroneously precluding future motions, then I agree that the majority opinion's application of the preservation rule would be correct. But because the trial court's erroneous ruling precluded Defendant's new counsel from evaluating the situation and raising suppression issues as she deemed appropriate, it would be unwise to utilize the normal preservation rule.
{ 31 I also disagree with the majority opinion's evaluation of Defendant's suppression motion utilizing the evidence adduced at trial. The issue at trial was Defendant's guilt, and suppression-related issues such as reasonable suspicion or consent were addressed only tangentially, if at all. Had the trial court properly considered Defendant's suppression arguments, Defendant would likely have received an evidentiary hearing focused exclusively on his arguments. Such a hearing would have specifically addressed Defendant's suppression issues, resulting in different questions and testimony and perhaps in additional witnesses. Defendant himself would have been able to testify at a suppression hearing without concern that the details surrounding his stop and search might re-fleet negatively on him before a jury.[2] However, because a separate suppression hearing was never conducted, I cannot say with any confidence that the evidence and ultimate result might not have been more favorable to Defendant.
T32 Because the trial court's error deprived Defendant of both the ability to present potential suppression issues and a meaningful hearing on those issues, I am unwilling to declare that error to be harmless. However, I am also disinclined to disturb a jury verdiet based on speculation about whether Defendant might have been able to suppress evidence. Under the cireumstances, I believe that the appropriate remedy is a remand to the trial court with instructions to allow Defendant an appropriate period of time in which to brief any suppression issues he wishes to raise. The trial court should then conduct appropriate proceedings to resolve Defendant's motion or motions. If Defendant fails to demonstrate that evidence should be suppressed, then Defendant's existing convictions and sentence should stand. However, if any suppression is warranted, the trial court would then have to determine the effect on Defendant's convictions and sentence. Cf. State v. Bergeson, 2010 UT App 281, ¶ 9, 241 P.3d 777 (mem.).
133 In sum, I cannot conclude that the trial court's erroneous application of rule 12(c)(1)(B) was harmless. I would remand this matter to the trial court with instructions that it give Defendant an opportunity to present his suppression arguments, conduct such proceedings as are necessary to rule on those arguments, and determine what, if any, relief Defendant might be entitled to as a result. Accordingly, I respectfully dissent from the majority opinion.

. At the January 15 pretrial conference, the trial court was apprised that Defendant's counsel had been recently assigned and observed, in response to the State's argument that suppression issues should have been presented by Defendant's prior attorneys, that "[new counsel] is an excellent attorney. And maybe she does see things differently than those previous attorneys that have come before her...."

. Defendant did testify at his trial, but testimony before a jury is obviously more problematic than testimony at a suppression hearing.