**2013 UT App 257**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
WAYNE JAY BERGESON,
Defendant and Appellant.

Memorandum Decision
No. 20120193-CA
Filed October 24, 2013

Third District Court, Salt Lake Department
The Honorable Judith S.H. Atherton
No. 071901042

Richard G. Uday, Attorney for Appellant
John E. Swallow and Marian Decker, Attorneys for
Appellee

SENIOR JUDGE RUSSELL W. BENCH authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and STEPHEN L. ROTH
concurred.[1]

BENCH, Senior Judge:

¶1    Defendant Wayne Jay Bergeson appeals from his convictions
of multiple counts of sexual exploitation of a minor and possession
of a dangerous weapon by a restricted person. He argues that the
district court erred by denying his Request to Amend Motion to
Suppress Evidence and by denying his motion to suppress. We
affirm.

---

[1]The Honorable Russell W. Bench, Senior Judge, sat by
special assignment as authorized by law. *See generally* Utah Code
Jud. Admin. R. 11-201(6).

¶2     This matter was before this court on a prior appeal wherein Defendant argued that the district court erred in refusing to consider his motion to suppress evidence. *State v. Bergeson*, 2010 UT App 281, ¶ 1, 241 P.3d 777. This court reversed and remanded the case for consideration of the suppression motion. *Id.* ¶ 9. On remand, with new counsel, Defendant filed a motion to amend the previously filed suppression motion to include three additional issues.[2] The district court denied Defendant's motion to amend based on its determination that this court's directions on remand required the district court to consider only the merits of the previously filed motion to suppress.

¶3     Thereafter, the district court held an evidentiary hearing on Defendant's original suppression motion, which motion raised two issues: (1) whether Detective Mark Buhman's use of specialized software developed by and available only to law enforcement personnel constituted an illegal search, and (2) whether the affidavit in support of the search warrant was misleading because it did not mention the use of the specialized software. At the suppression hearing, Defendant sought to introduce the search warrant and the affidavit in support of the search warrant. The court denied the admission of the documents on the ground that they were not attached to the original motion to suppress. The State called Detective Buhman to testify about the specialized software at issue. He testified that the software "only organized publically

---

[2]The additional issues are as follows: (1) whether the administrative subpoena used to get Defendant's internet protocol (IP) address was in fact signed by the person whose signature it bears; (2) whether the administrative subpoena was "published" as required by federal law, and (3) whether the involvement in this matter of the federal Department of Homeland Security, in executing the administrative subpoena on behalf of state law enforcement officials, violated the mandate of federal law.

available information," making it "faster and smoother" for him "to shuffle through all those IP addresses."

¶4 After arguments, the district court determined that Defendant's second issue pertaining to the allegedly misleading affidavit was not preserved because his former counsel had failed to introduce into evidence a copy of the search warrant and accompanying affidavit. The court then addressed the merits of Defendant's first issue and found that Detective Buhman's use of the software did not constitute a search. Specifically, the court ruled as follows:

> The Court finds that [the] defense has merely made a broad allegation that the identification of the IP address constitutes a search. Defense counsel has not made any citation to case law to support the proposition that there is an expectation of privacy in an IP address. The Court finds that using the law enforcement search tools is analogous to looking up a license plate using Division of Motor Vehicles databases. The Court finds that Peer to Peer file sharing is open to the public and parties who use it do so knowing that anyone else who is using the Gnutella network and the same file sharing program can access IP address information from them regarding their shared files. In addition, anyone using that file sharing program can acquire information about SHA-1 values and file size. In this case, law enforcement made a "direct connect" with [Defendant's] computer and was able to browse and view [Defendant's] shared folder to find suspected child pornography files. Law enforcement agents then used the unique SHA-1 values associated with those images to confirm that the images were child pornography. The Court finds that [Defendant] opened his computer, his IP address and his files to the Gnutella network and there is no Fourth Amendment violation.

For these reasons, the district court denied Defendant's motion to suppress.

## I. Motion To Suppress and Motion To Supplement the Record

¶5     On appeal, Defendant first asserts that the district court erred in denying his motion to supplement the record with a copy of the search warrant and accompanying affidavit. Specifically, Defendant argues that the district court misconstrued this court's directions on remand as requiring the district court to consider only the evidence in the record at the time of the previous filing. The supplemental evidence Defendant sought to include below pertains to Defendant's second issue, i.e., whether the affidavit was misleading because it did not mention the specialized software. Defendant fails, however, to challenge the controlling issue.

¶6     The district court determined that Detective Buhman's use of the specialized software did not constitute a search. Thus, it follows that if the detective's use of the software was not an illegal search, any failure to mention its use in the affidavit was not prejudicially misleading. Because Defendant does not challenge the district court's ruling that the software use did not constitute a search—which controls the second issue about the sufficiency of the affidavit—we decline to reverse the court's suppression ruling. *Cf. Salt Lake Cnty. v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 28, 297 P.3d 38 ("This court will not reverse a ruling of the trial court that rests on independent alternative grounds where the appellant challenges only one of those grounds.").

## II. Motion to Amend the Suppression Motion

¶7     Defendant next argues that the district court erred in denying his post-remand motion to amend his suppression motion. Defendant asserts that the district court misconstrued this court's remand directions by erroneously reasoning that they required the district court to consider only the motion that was actually before

the court at the time of Defendant's trial. The district court denied Defendant's motion to amend as follows:

> The Utah Court of Appeals in *State of Utah v. Wayne J. Bergeson*, 2010 UT App 281, instructed this Court to "consider the merits of [Defendant's] motion [to suppress]." Defendant's Motion had been filed eleven days prior to trial. This Court concludes that the Court of Appeals has required this Court to consider the merits of the previously filed Motion. Accordingly, this Court denies defendant's Motion to Amend the Motion to Suppress.

(Second alteration in original.) We agree with Defendant that the district court erred when it denied his motion to amend solely on the basis of our prior remand language.

¶8      The prior remand directions did not include any language that limited the district court in this manner. Rather, this court remanded the matter to the district court "to consider the merits of [Defendant's suppression] motion" but stated that "[t]he procedure for considering [Defendant's] motion is within the sound discretion of the district court." *State v. Bergeson*, 2010 UT App 281, ¶ 9, 241 P.3d 777. Thus, we expressly granted the district court the discretion to consider procedural matters such as whether to allow Defendant to amend his motion. *Cf.* Utah R. Crim. P. 4(d) (treating the amendment of an information or indictment as a matter of criminal procedure). While the district court's caution seems to have been motivated by a desire to remain within the bounds of our mandate, the language of this court's directions on remand was expansive enough to allow consideration of Defendant's motion to amend.

¶9      Although we conclude that the district court interpreted the remand language too narrowly, Defendant is entitled to relief on appeal only if he can demonstrate prejudice resulting from the district court's error. "[W]e will not reverse [the] trial court for

committing harmless error," *State v. Vargas*, 2001 UT 5, ¶ 48, 20 P.3d 271 (second alteration in original) (citation and internal quotation marks omitted), and the burden is on Defendant to "show that the court's ruling led to a likelihood of prejudice," *see id.* (citation and internal quotation marks omitted). Here, Defendant has made no showing whatsoever that the issues he sought to raise in his motion to amend—all of which pertain to the State's use of an administrative subpoena to obtain Defendant's subscriber information from his internet provider—had any likelihood of being deemed meritorious.[3] Because Defendant has failed to make such a showing, we conclude that the district court's error in denying his motion to amend was harmless.

## III. Ineffective Assistance of Counsel Claim

¶10 Defendant also raises an ineffective assistance of counsel claim. Defendant asserts that his trial counsel's performance was deficient when counsel repeatedly delayed the filing of the suppression motion, failed to attach the requisite documents, and failed to raise available issues. Even if counsel's actions were deficient in some way, Defendant must still show that counsel's performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove that counsel's deficient performance prejudiced Defendant, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at

---

[3]After oral argument, the State provided supplemental authority suggesting that the issues Defendant sought to raise in his motion to amend would necessarily have been denied because there is no reasonable expectation of privacy in internet subscriber information. *See United States v. Perrine*, 518 F.3d 1196, 1204–05 (10th Cir. 2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation.").

694. In light of the district court's ruling that the detective's use of the specialized software did not constitute a search, Defendant makes no effort to demonstrate that but for counsel's failure to more timely file the motion to suppress with supporting documents, the court would have suppressed the evidence. And, as discussed above, Defendant has failed to make a showing that the issues ultimately raised in his post-remand motion to amend had any likelihood of prevailing. *See supra* ¶ 9. Without showing prejudice, Defendant cannot sustain his claim for ineffective assistance of counsel.

¶11   We conclude that Defendant has failed to challenge the district court's conclusion that the use of software to identify his IP address did not constitute a search. Defendant has also failed to make any showing that the issues raised in his motion to amend his suppression motion possessed merit. For these reasons, Defendant has failed to demonstrate error in the denial of his motion to suppress, harmful error in the denial of his motion to amend, or ineffective assistance by his trial counsel. Affirmed.

———————