2000 UT 44

**STATE of Utah, Plaintiff and Appellee,**

v.

**James Richard GAMBLIN, Defendant and Appellant.**

**No. 981548.**

Supreme Court of Utah.

May 19, 2000.

Jan Graham, Att'y Gen., J. Frederic Voros, Jr., Marian Decker, Asst. Att'ys Gen., Marsha Atkin, Salt Lake City, for plaintiff.

James W. Claflin, Jr., Sandy, for defendant.

WILKINS, Justice.

¶ 1 Defendant James Richard Gamblin appeals the trial court's denial of his motion to withdraw his guilty plea to attempted rape, a first degree felony, in violation of Utah Code Ann. §§ 76-5-402 and 76-4-102(2) (1999). We affirm.

## BACKGROUND

¶ 2 Defendant was initially charged with four counts of rape. Following plea negotiations, the State dropped three of the counts and defendant signed a plea statement and pleaded guilty to a single count of attempted rape.

¶ 3 Seven days after the plea hearing, defendant filed a motion to withdraw his guilty plea under section 77–13–6 of the Utah Code. *See* Utah Code Ann. § 77–13–6(2) (1999). He asserted that good cause existed to withdraw his plea under this statute for two reasons. First, defendant argued his plea was entered without full knowledge and understanding of the consequences of the plea because he intended to enter a guilty plea under Rule 11(h) of the Utah Rules of Criminal Procedure rather than a "straight" guilty plea with alternative amended charges. Second, defendant argued he felt compelled to enter his guilty plea because he thought the trial court judge was biased against him.

¶ 4 After a hearing on defendant's motion to withdraw his plea, the trial court made several findings of fact. Based on those findings, the trial court concluded that defendant's guilty plea was made knowingly, voluntarily, and intelligently, and that no cause existed upon which to grant defendant's motion to withdraw. Defendant now appeals the trial court's denial of his motion.

## ANALYSIS

### I. INADEQUATE BRIEFING

¶ 5 The State argues that defendant has inadequately briefed his arguments on appeal. We address this argument first.

■ ¶ 6 Rule 24 of the Utah Rules of Appellate Procedure sets forth the requirements of an appellant's brief. One requirement is that the brief set forth an argument. That argument "shall contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on." Utah R.App. P. 24(a)(9). As we have too often had occasion to explain, "this court is not '"a depository in which the appealing party may dump the burden of argument and research."'" *State v. Jaeger,* 1999 UT 1, ¶ 31, 973 P.2d 404 (citations omitted); *see also MacKay v. Hardy,* 973 P.2d 941, 948 n. 9 (Utah 1998) (setting forth numerous examples of cases of inadequate briefing).

■ ¶ 7 Defendant's brief fails to adequately set forth an argument as required by Rule 24(a)(9) of the Utah Rules of Appellate Procedure. Instead of providing this court with meaningful legal analysis, defendant's brief merely contains one or two sentences stating his argument generally, quotes favorable portions of the record, and then broadly

concludes that he is entitled to relief. Defendant cites *State v. Vasilacopulos,* 756 P.2d 92 (Utah Ct.App.1988), and *State v. Thorup,* 841 P.2d 746 (Utah Ct.App.1992), as authority for his arguments, but he does not analyze these cases to demonstrate that his contentions compel reversal of the trial court's ruling. Rather, defendant's brief simply cites to these cases as support for his general argument that the trial court's erroneous findings would have constituted good cause for defendant to withdraw his guilty plea.

¶ 8 Briefs that do not comply with rule 24 "may be disregarded or stricken, on motion or sua sponte by the court." Utah R.App. P. 24(j) [1]; *see, e.g., Jaeger,* 1999 UT 1 at ¶ 31, 973 P.2d 404 (declining to address arguments because brief failed to comply adequately with rule 24); *MacKay,* 973 P.2d at 949 (same). However, we are not obligated to strike or disregard a marginal or inadequate brief, and in this case we choose to further address defendant's arguments in the interests of justice.

## II. GOOD CAUSE

¶ 9 Defendant argues the trial court committed reversible error by denying his motion to withdraw his guilty plea. In Utah, "[a] plea of guilty ... may be withdrawn only upon good cause shown and with leave of the [trial] court." Utah Code Ann. § 77–13–6(2)(a) (1999). A "withdrawal of a plea of guilty is a privilege, not a right ... [and] is within the sound discretion of the trial court." *State v. Gallegos,* 738 P.2d 1040, 1041 (Utah 1987). We will not disturb the trial court's denial of a motion to withdraw a guilty plea unless it clearly appears that the trial court has exceeded its permitted range of discretion. *See State v. Blair,* 868 P.2d 802, 805 (Utah 1993). Moreover, "[t]he trial court's findings of fact made in conjunction with its decision will not be set aside unless they are clearly erroneous." *Id.*

¶ 10 Defendant contends he has good cause to withdraw his guilty plea because it was not knowingly and voluntarily entered. Specifi-

cally, defendant argues his guilty plea was not knowing because he thought he was making a rule 11(h) plea, and it was not voluntary because he thought the trial court judge was biased against him.

¶ 11 The parties agree that the trial court strictly complied with Rule 11(e) of the Utah Rules of Criminal Procedure in accepting defendant's guilty plea. The primary purpose of this rule is "to insure that when a defendant enters a guilty plea and thereby waives important constitutional rights, such as the right to a jury trial, he or she acts freely and voluntarily, with full knowledge of the consequences of the plea." *State v. Kay,* 717 P.2d 1294, 1299 (Utah 1986) (plurality opinion). Strict compliance with rule 11(e) creates a presumption that the plea was voluntarily entered. *See Thorup,* 841 P.2d at 748. Rule 11(e) also serves to insure that the record reflects that the plea was properly taken. *See Kay,* 717 P.2d at 1299.

¶ 12 As defendant admitted in oral argument, the colloquy the court engaged him in when he entered his guilty plea was complete and thorough. The trial court carefully met rule 11(e)'s requirements in its effort to ensure defendant's plea was made knowingly, voluntarily, and intelligently. Defendant does not challenge the adequacy of this colloquy under rule 11(e).

¶ 13 After defendant timely moved to withdraw his guilty plea, the trial court held a hearing to consider defendant's motion to withdraw his plea. During this hearing, the trial court heard evidence regarding defendant's arguments that his plea was unknowing because he thought he was entering a rule 11(h) plea, and that his plea was involuntary because he thought the trial court judge was biased against him. Following this hearing, the trial court entered several findings of fact directed at both of defendant's arguments.

¶ 14 Regarding defendant's argument that his plea was unknowing because he thought he was entering a rule 11(h) plea, the trial court found that defendant understood the

---

1. This court may also assess attorney fees against the offending lawyer when a brief does not com-
ply with rule 24. *See* Utah R.App. P. 24(j).

terms of the plea agreement he entered into. The court found that during the plea colloquy, defendant, who attended four years of college, stated that he understood the trial court was not bound by the conditions of the plea agreement, that he had read and understood his statement, and that he had an opportunity to ask his attorney questions regarding his statement and those questions were answered to his satisfaction. The court also found that during the plea colloquy defendant declined the trial court's invitation to ask it questions regarding the plea or anything contained in his statement, and that "[d]efendant's conduct in Court as well as on the stand, supports a finding that defendant is intelligent and understands what happened on December 16, 1997, when he entered his plea." The court further found, "Any allegation defendant had confusion regarding a rule 11(h) plea, is not supported by the record and indeed, defendant was given ample opportunity to address any concerns to his counsel or the Court."

¶ 15 The trial court also made several findings directed at defendant's argument that his plea was involuntary because he thought the court was biased against him. The court found the following: (1) "There has been no allegation that there was fraud in the inducement of this plea"; (2) "[t]here has been no allegation that there has been any coercion with regard to the entry of this plea"; and (3) "[a]ny allegation the Court had predetermined defendant's guilt and would, therefore, not fairly preside over a jury trial is not supported by the record."

¶ 16 On appeal defendant challenges the trial court's findings supporting its conclusion that defendant's guilty plea was made knowingly, voluntarily, and intelligently. Defendant argues the trial court ignored evidence presented at the hearing on defendant's motion to withdraw. Defendant then provides us with several pages of testimony lifted from the record that he argues contradicts the court's findings.

¶ 17 Defendant has made no attempt to marshal the evidence supporting the trial court's decision.[2] Nor has defendant shown that the evidence was insufficient to support the trial court's findings of fact. Instead, defendant has simply quoted those items from the record that arguably support his position. To the contrary, we observe that the findings are well supported by the record, and accept the trial court's findings as stated in its ruling. *See State v. Benvenuto,* 1999 UT 60, ¶ 13, 983 P.2d 556.

## CONCLUSION

¶ 18 The trial court's findings of fact well support its conclusion that defendant's guilty plea was made knowingly, voluntarily, and intelligently. No basis exists for us to hold that the trial court exceeded its permitted range of discretion in denying defendant's motion to withdraw his plea. We therefore affirm the trial court's denial of that motion.

¶ 19 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.

---

**2.** Defendant misunderstands how to properly challenge the trial court's findings of fact. To successfully challenge a trial court's findings, an appellant must first marshal all the evidence that *supports* the trial court's findings. *See Valcarce v. Fitzgerald,* 961 P.2d 305, 312 (Utah 1998). After marshaling the supportive evidence, the appellant then must show that, even when viewing the evidence in a light *most favorable to the trial court's ruling,* the evidence is insufficient to support the trial court's findings. *See Utah Med. Prods., Inc. v. Searcy,* 958 P.2d 228, 232 (Utah 1998). In other words, an appellant must show that the trial court's findings so lack support as to be " 'against the clear weight of the evidence,' thus making them 'clearly erroneous.' " *Valcarce,* 961 P.2d at 312 (citations omitted); *see also Young v. Young,* 1999 UT 38, ¶ 15, 979 P.2d 338. We apply this deferential standard to trial courts because they are in an advantaged position to evaluate the evidence and determine the facts. *See Willey v. Willey,* 951 P.2d 226, 230 (Utah 1997).