30 P.3d 1232 (2001)
2001 UT App 208
State of Utah, in the interest of J.W., a person under eighteen years of age.
J.W., Appellant,
v.
State of Utah, Appellee.
No. 20000658-CA.
Court of Appeals of Utah.
June 28, 2001.
Gary R. Howe and Jennifer Ward, Callister, Nebeker & McCullough, Salt Lake City, for Appellant.
Mark L. Shurtleff and Christine Soltis, Assistant Attorney General, Salt Lake City, for Appellee.
Before JACKSON, Associate P.J., and DAVIS, and ORME, JJ.

OPINION
DAVIS, Judge:
¶ 1 Appellant, J.W., appeals his conviction of assault pursuant to Utah Code Ann. § 76-5-102 (1999) and the juvenile court's enhancement of the offense to a third degree felony pursuant to Utah Code Ann. § 76-3-203.3 (1999) (Exercise of Rights Statute).[1] *1233 J.W. argues that there was insufficient evidence to support his conviction of assault and insufficient evidence to support enhancement under the Exercise of Rights Statute.[2] We affirm in part and reverse in part.

BACKGROUND
¶ 2 J.W. was a ninth grade student during the 1999-2000 school year. On February 3, 2000, J.W. was leaving school with two friends when another student, B.B., passed them on the sidewalk. After B.B. passed the boys, J.W. began taunting B.B. by yelling racial slurs at her and engaging in racist rogueries. J.W. and the other students then threw several snowballs at B.B. The snowballs struck B.B. in the head, hip, and stomach.
¶ 3 After being hit by the snowballs, B.B. decided to confront the boys. B.B. stopped and waited for the boys to catch up to her. As they approached, J.W. continued to make offensive remarks including racial slurs. When the boys reached B.B., B.B. called J.W. a jerk and shoved him. J.W. made another racist remark, and he pushed B.B. backwards with enough force to cause her to fall into the street. J.W. and the other boys then walked away from B.B.
¶ 4 Although J.W. and the other boys walked away, B.B. was fearful that another violent incident might occur. Consequently, B.B. did not walk directly to the neighboring elementary school where she was supposed to pick up her younger sister. Instead, B.B. detoured to an adjoining parking lot where she waited for a few minutes. B.B. then walked into the elementary school where she called her father and asked him to come quickly so that she would not have any more problems. B.B. waited in the elementary school until her father arrived.
¶ 5 In school the next day, B.B. encountered one of the boys in the hall. The boy pushed B.B. with his shoulder and repeated an offensive remark from the earlier altercation. B.B. went immediately to the school's office and reported both incidents to the vice principal. Meanwhile, B.B.'s father reported the first incident to the Kaysville Police Department. Subsequently, the State filed a petition in juvenile court alleging that J.W. and another boy committed assault as a hate crime.
¶ 6 During the trial, the defense called A.L., a friend of J.W., to testify as a character witness. The juvenile court ruled that A.L. would not be allowed to testify as to J.W.'s character; however, A.L. testified about other matters. At the conclusion of the trial, the court concluded that J.W. assaulted B.B. when he hit her with snowballs. The court further concluded that J.W. committed a hate crime because he assaulted B.B. with the intent to cause her to fear to freely exercise or enjoy her "right to be in [sic] the school grounds to pursue an education."[3]

ISSUES AND STANDARD OF REVIEW
¶ 7 First, we must decide whether there was sufficient evidence to support J.W.'s conviction of assault. We then determine whether the State presented sufficient evidence to support the enhancement of J.W.'s assault conviction under the Exercise of Rights Statute.
When reviewing a juvenile court's decision for sufficiency of the evidence, we must consider all the facts, and all reasonable inferences which may be drawn therefrom, in a light most favorable to the juvenile court's determination, reversing only when it is "against the clear weight of the evidence, *1234 or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made."
In re V.T., 2000 UT App 189, ¶ 8, 5 P.3d at 1236 (citations omitted).

ANALYSIS
¶ 8 J.W. argues that there was insufficient evidence to support his conviction of assault.
Assault is:
(a) an attempt, with unlawful force or violence, to do bodily injury to another;
(b) a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or
(c) an act, committed with unlawful force or violence, that causes or creates a substantial risk of bodily injury to another.
Utah Code Ann. § 76-5-102(1) (1999).
¶ 9 Here, the juvenile court found J.W. committed an assault against B.B. The court specifically found that "[b]y throwing snowballs at her it was clearly an attempt to do bodily injury to another." The court further found that J.W.'s acts were "clearly a threat accompanied by a show of an[] immediate force or violence to do bodily injury to her."
To successfully challenge a trial court's findings, an appellant must first marshal all the evidence that supports the trial court's findings. After marshaling the supportive evidence, the appellant then must show that, even when viewing the evidence in a light most favorable to the trial court's ruling, the evidence is insufficient to support the trial court's findings.
State v. Gamblin, 2000 UT 44, ¶ 17 n. 2, 1 P.3d 1108 (citation omitted).
¶ 10 J.W. has not marshaled the evidence supporting the juvenile court's findings. J.W. merely discounts B.B.'s testimony and reargues the evidence in his favor. However, "[d]efendant may not reargue the weight of that evidence, relying upon testimony favoring his innocence and ignoring the conflicting testimony against him. The fact that defendant's evidence contradicts the [court's] determination does not require reversal on appeal." State v. Bingham, 732 P.2d 132, 133 (Utah 1987); see also State v. Pierce, 722 P.2d 780, 782 (Utah 1986) ("The existence of contradictory evidence does not warrant disturbing the ... verdict."). Therefore, J.W. has neither demonstrated that the verdict was "against the clear weight of the evidence," nor has he convinced us that "a mistake has been made." In re V.T., 2000 UT App 189 at ¶ 8, 5 P.3d 1234. Accordingly, we conclude that there was sufficient evidence to support J.W.'s conviction of assault.
¶ 11 J.W. next argues that there was insufficient evidence to support the juvenile court's enhancement of the assault to a third degree felony under the Exercise of Rights Statute.
¶ 12 As stated above, "[t]o successfully challenge a trial court's findings, an appellant must first marshal all the evidence that supports the trial court's findings." Gamblin, 2000 UT 44 at ¶ 17, 1 P.3d 1108. However, here, J.W. asserts that there was "not a scintilla of evidence, other than the fact that the incident took place outside the school building, to support a finding that J.W.'s specific intention was to prevent [B.B.] from exercising her constitutional right to pursue an education." In addition, the State does not point to any evidence indicating that J.W. intended to cause B.B. "to fear to freely exercise or enjoy any right secured by the Constitution or laws of the state or by the Constitution or laws of the United States." Utah Code Ann. § 76-3-203.3(3) (1999). Because J.W. asserts that there was no evidence supporting the above element of the Exercise of Rights Statute, and the State has not pointed to any evidence in the record regarding this element, we do not consider J.W.'s failure to marshal as determinative regarding this challenge.
¶13 The Exercise of Rights Statute provides that a person who commits an assault "with the intent to intimidate or terrorize another person or with reason to believe that his action would intimidate or terrorize that person is guilty of a third degree felony." Utah Code Ann. § 76-3-203.3(2) (1999). The Exercise of Rights Statute further provides:
`Intimidate or terrorize' means an act which causes the person to fear for his physical safety or damages the property of that person or another. The act must be *1235 accompanied with the intent to cause a person to fear to freely exercise or enjoy any right secured by the Constitution or laws of the state or by the Constitution or laws of the United States.

Id. § 76-3-203.3(3) (emphasis added).
¶ 14 As indicated by the above language, the State must prove that the defendant acted with the specific intent "to cause a person to fear to freely exercise or enjoy any right." Id. Additionally, where specific intent is required, the Utah Supreme Court has "cautioned that the act in itself does not raise the presumption that it was done with the specific intent required to prove the offense. All the circumstances, when taken together, must admit of no other reasonable hypothesis than that of guilt to warrant conviction." State v. Castonguay, 663 P.2d 1323, 1326 (Utah 1983).
¶ 15 After careful review of the record, we find no evidence to support the finding that J.W. assaulted B.B. with the intent to cause her to fear to freely exercise or enjoy her "right to be in [sic] the school grounds to pursue an education." Although J.W.'s actions were reprehensible, we cannot presume that J.W. assaulted B.B. with the specific intent required for enhancement under section 76-3-203.3. See Castonguay, 663 P.2d at 1326. Further, the State did not put on any direct or circumstantial evidence regarding J.W.'s specific intent, and we do not consider that "[a]ll the circumstances, when taken together,... admit of no other reasonable hypothesis than that of guilt to warrant conviction." Id. Ironically, the evidence suggests J.W.'s actions were racially motivated rather than intended to cause B.B. "to fear to freely exercise or enjoy any right." Utah Code Ann. § 76-3-203.3(3) (1999). Therefore, there was insufficient evidence to support enhancement under section 76-3-203.3 because the State failed to put on any direct or circumstantial evidence proving beyond a reasonable doubt that J.W. assaulted B.B. with the specific intent to cause her "to fear to freely exercise or enjoy any right ...."[4]Id. § 76-3-203.3(3) (1999); see also State v. Leleae, 1999 UT App 368, ¶ 49, 993 P.2d 232 (holding that defendant's due process rights were violated because State failed to prove criminal intent beyond a reasonable doubt).

CONCLUSION
¶ 16 Sufficient evidence supported J.W.'s conviction for assault, and we affirm J.W.'s conviction of assault. However, we conclude that there was insufficient evidence supporting enhancement of the assault under section 76-3-203.3. Therefore, we reverse J.W.'s sentence and remand for resentencing on the assault conviction.
¶ 17 I CONCUR: NORMAN H. JACKSON, Associate Presiding Judge.
ORME, Judge (dissenting):
¶ 18 I respectfully dissent. Under Rule 24 of the Utah Rules of Appellate Procedure, an appellant is required to provide "citation to the record showing that the issue was preserved in the trial court; or ... a statement *1236 of grounds for seeking review of an issue not preserved in the trial court." Utah R.App. P. 24(a)(5). Appellant has not indicated anywhere in his brief that he has properly preserved his sufficiency-of-the-evidence issues for appeal. Accordingly, I believe the issue has been waived, and we should not reach it.[1]
NOTES
[1] The title of this statute indicates that the statute is meant to address hate crimes. See id. at § 76-3-203.3. However, we note that application of Utah's statute does not require that the perpetrator commit a primary offense against another by reason of that person's race, color, alienage, gender, religion, or other specifically enumerated factor. Consequently, the penalty for a primary offense may be enhanced under section 76-3-203.3 regardless of whether the defendant was motivated by hatred. Accordingly, we refer to section 76-3-203.3 as the Exercise of Rights Statute because it allows enhancement whenever one commits a primary offense with the "intent to cause a person to fear to freely exercise or enjoy any right secured by the Constitution or laws of the state or by the Constitution or laws of the United States." Id. § 76-3-203.
[2] J.W. also argues that the Exercise of Rights Statute is unconstitutional and that the trial court erred when it excluded evidence of J.W.'s character. In light of our decision, we do not address these arguments.
[3] It is not clear from the transcript of the juvenile court's findings that the court ever actually tied B.B.'s right to pursue an education to J.W.'s behavior. However, in his brief on appeal, J.W. does not dispute that the juvenile court so ruled.
[4] The dissent suggests that J.W. did not preserve the issue of whether there was sufficient evidence to support the juvenile court's enhancement under the Exercise of Rights Statute. This court's ruling in State v. Rudolph, 2000 UT App 155, 3 P.3d 192 controlled at the time of J.W.'s trial, and J.W. did not need to preserve the issue through motion or objection. See State v. Rudolph, 2000 UT App 155, ¶ 24, 3 P.3d 192 (declining "to establish a new rule requiring a criminal defendant to preserve a sufficiency-of-the-evidence claim by making an objection or filing a motion challenging the sufficiency of the evidence at the trial court level"). Moreover, J.W. argued, in both his trial brief and at closing, that there was no evidence that he intended to cause B.B. to fear to exercise a constitutionally or statutorily protected right. Likewise, the State argued, during closing, that J.W. intimidated B.B. to the point that she was afraid to exercise her constitutional or statutory rights. After a brief recess following closing arguments, the court found that J.W. intended to cause B.B. to fear to exercise her rights. Thus, the parties brought the issue to the trial court's attention, and the court had "`an opportunity to address a claimed error and, if appropriate, correct it.'" State v. Labrum, 925 P.2d 937, 939 (Utah 1996) (quoting State v. Eldredge, 773 P.2d 29, 36 (Utah 1989)). Consequently, J.W. preserved the sufficiency of the evidence issue and any further objections or motions regarding this issue would have been futile. See Beltran v. Allan, 926 P.2d 892, 901 (Utah Ct.App.1996) (Billings, J., dissenting) ("It is well established that the law does not require litigants to do a futile or vain act."). For the above stated reasons, J.W. did not waive his argument that the evidence was insufficient to support enhancement under the Exercise of Rights Statute.
[1] Judge Davis suggests his opinion in State v. Rudolph, 2000 UT App 155, 3 P.3d 192, controlled at the time of the delinquency hearing in this case and obviated the need for appellant to move to dismiss at the close of the State's case or at the close of all the evidence so as to preserve his challenge to the sufficiency of the evidence. I would be receptive to this suggestion if appellant had advanced it in discharging his obligation under Rule 24 of the Utah Rules of Appellate Procedure to demonstrate why we should reach the issue even though it was not preserved for appeal. However, I do not believe we should do appellant's Rule 24 work for him so that we can reach the issue.