2011 UT App 235

**Claudia ORR and Eugene Orr, individually and on behalf of their deceased son, Kevin Orr; and Holly Orr, individually and on behalf of the estate and heirs of Kevin Orr, Plaintiffs and Appellants,**

v.

**UINTAH COUNTY, State of Utah, Defendant and Appellee.**

No. 20100373–CA.

Court of Appeals of Utah.

July 21, 2011.

438

---

Kenneth D. Lougee, Mark R. Taylor, David C. Biggs, and Joseph W. Steele, Salt Lake City, for Appellants.

Jesse C. Trentadue and Noah M. Hoagland, Salt Lake City, for Appellee.

Before Judges ORME, ROTH, and CHRISTIANSEN.

## MEMORANDUM DECISION

CHRISTIANSEN, Judge:

¶1 Claudia and Eugene Orr, individually and on behalf of their deceased son, Kevin Orr, and Holly Orr, individually and on behalf of Kevin's heirs (collectively, the Orrs), appeal the district court's order granting Uintah County's (the County) motion to dismiss. We affirm.[1]

¶2 In their complaint, the Orrs set forth three claims for relief against the County, the only defendant in this action. Their first claim for relief seeks an order declaring that Brian Grayson, Pete Martin Drilling Inc.

---

1. As a preliminary matter, we note that the Orrs fail to meet many of the briefing requirements of rule 24 of the Utah Rules Appellate Procedure. For example, the Orrs' "citation to the record showing that the issue was preserved" is incorrect. See Utah R.App. P. 24(a)(5)(A). The Orrs appeal the district court's April 21, 2010 Ruling and Order on Defendant's Motion to Dismiss (the April 21 Ruling), but instead of citing to their opposition to the County's motion to dismiss, they cite to and include in their addendum an opposition they filed in a separate action in the Eighth District Court styled Orr v. Grayson (Orr I), No. 070800045 (Utah Dist. Ct. filed Nov. 16, 2007). Further, the Orrs fail to include in their addendum to their brief "those parts of the rec-

ord that are of central importance to the determination of the appeal, such as" the April 21 Ruling. See id. R. 24(a)(11)(C). The Orrs' statement of the case also fails to comply with rule 24 in that, with the exception of the complaint, it does not contain record citations. See id. R. 24(a)(7) ("All statements of fact and references to the proceedings below shall be supported by citations to the record in accordance with paragraph (e) of this rule."). Finally, in their argument, the Orrs do not cite the parts of the record on which they rely. See id. R. 24(a)(9). Nevertheless, we exercise our discretion in reaching the merits of the case despite the inadequate briefing. See State v. Gamblin, 2000 UT 44, ¶8, 1 P.3d 1108.

(PMD), and Rat Air Inc. (collectively, the Helicopter Defendants) [2] are not covered under the Volunteer Government Workers Act, see Utah Code Ann. §§ 67–20–1 to –4, –6 to –8 (2008), and are not immune under the Immunity for Persons Performing Voluntary Services Act, see id. §§ 63G–8–101 to –301 (2008) (the Voluntary Services Act). The Orrs' second claim for relief is entitled "Immunity for Persons Performing Voluntary Service Act." They allege that the Helicopter Defendants "are individually and vicariously liable for the damages suffered by [the Orrs] arising out of the wrongful death of Detective [Kevin] Orr" and are not volunteers. In the alternative, in their second claim, they allege that "in the event … a court of competent jurisdiction determines that PMD and Rat Air are volunteers and that Grayson was merely negligent, [the Orrs] are entitled to recover their damages alleged more particularly below to the extent of the [G]overnment [I]mmunity [A]ct." The district court dismissed the Orrs' first and second claims, determining that relief could not be granted because the Helicopter Defendants were defendants in Orr I, and not in the present matter, and that any claims against these defendants should have been raised in Orr I. The district court did not directly address the Orrs' alternative assertion in the second claim.

¶ 3 In their third claim for relief, the Orrs pleaded that "[i]n the event that a court of competent jurisdiction finds [the Helicopter Defendants] to be volunteers under the Voluntary Government Workers Act," the Orrs are entitled to damages from the County "under a statutory policy of defense and indemnity." The district court dismissed the Orrs' third claim for relief because they never alleged that the County, its agents, or its employees were negligent or grossly negligent and therefore failed to state how they were entitled to recover their damages from the County. Finally, without referring to particular claims, the district court concluded that the Orrs initiated this action "to create a fall back in the event that they are unsuccessful in Orr I" and that "[t]he [Orrs'] claim is uncertain and fails to specify the cause of action." At the time of this appeal, the Orrs were presumably concerned that the district court's ruling in Orr I denying the County's motion to intervene would be appealed, and they had not yet entered into a settlement with the Helicopter Defendants.

¶ 4 On appeal, the Orrs instruct us to disregard any of the allegations in their complaint "relating to the [Voluntary Government] Workers Act" in light of the final order in Orr I, in which the district court denied the County's motion to intervene, and as a result of the Orrs' settlement with Grayson and PMD. In their briefs, the Orrs summarize their remaining cause of action as one for damages against the County under the Voluntary Services Act and argue that the district court erred in dismissing that action.

■ ¶ 5 "A district court's grant of a motion to dismiss based upon the allegations in the plaintiff[s'] complaint[ ] presents a question of law that we review for correctness." Osguthorpe v. Wolf Mountain Resorts, LC, 2010 UT 29 ¶ 10, 232 P.3d 999 (second alteration in original) (internal quotation marks omitted). And, "[i]n reviewing a dismissal under [r]ule 12(b)(6) … we accept the plaintiff's description of facts alleged in the complaint to be true, but we need not accept extrinsic facts not pleaded nor need we accept legal conclusions in contradiction of the pleaded facts." Id. (internal quotation marks omitted); see also Utah R. Civ. P. 12(b)(6).

■ ¶ 6 We decide this case without delving into the doctrine of res judicata or any other legal doctrine that the County has analyzed in its motion to dismiss and on appeal, and we agree with the district court that the Orrs failed to state any cause of action against the County. Accepting as true their statement of facts, see Osguthorpe, 2010 UT 29, ¶ 10, 232 P.3d 999, we determine that the Orrs failed to allege any cause of action against the County and instead relied on the Volunteer Services Act as if it established a cause of action against the County. However, the Volunteer Services Act states merely that

> [n]othing in this chapter shall *preclude* legal action against a public entity for any

**2.** In Orr I, the Orrs sued the Helicopter Defen-   dants and not the County.

injury occurring as a result of the decisions or actions taken by a person performing services on a voluntary basis for that entity, where such action would otherwise be permitted under [the] ... Governmental Immunity Act of Utah.

Utah Code Ann. § 63G–8–202 (emphasis added). Thus, the Volunteer Services Act does not establish a cause of action against the County.

 ¶ 7 Furthermore, although the Volunteer Services Act provides that "[a]ny person performing services on a voluntary basis ... shall be immune from liability," see id. § 63G–8–201 (2008), the Orrs fail to assert any claim for relief under which Grayson's alleged negligence could be imputed to the County under the Volunteer Services Act, the Utah Governmental Immunity Act, see id. §§ 63G–7–101 to –904, or in any other regard. They also have not asserted any claims against the County other than as related to the County's capacity as a public entity allegedly supervising the Helicopter Defendants' negligent actions. Instead, they asserted only that Grayson was negligent when he collided with the high voltage lines and that the helicopter collision proximately caused Kevin Orr's death.

¶ 8 Even if we were to recognize the Orrs' complaint as stating a cause of action under the Volunteer Services Act, assuming all of the Orrs' facts as true, and "drawing all reasonable inferences therefrom in the light most favorable to the [Orrs]," *Brown v. Division of Water Rights*, 2010 UT 14, ¶ 10, 228 P.3d 747, we conclude that the Orrs' factual allegations are insufficient to show that the Helicopter Defendants are immune under the Voluntary Services Act. The Orrs set forth facts acknowledging that no County representative, including the County Director of Personnel, approved the status of the Helicopter Defendants as volunteers or the use of the helicopter in the search and rescue mission before the mission took place. The Orrs also allege that it was one of the owners of PMD, not the Sheriff or any other County representative, who instructed Grayson to fly the helicopter. The Orrs fail to allege any facts to suggest that the Helicopter Defendants were under the County's supervision and assert that it was only *after* the accident that the County declared them to have been "statutory volunteers." *See* Utah Code Ann. § 63G–8–201 ("Any person performing services on a voluntary basis, without compensation, under the general supervision of, and on behalf of any public entity, shall be immune from liability. . . ."). We therefore hold that the Orrs did not allege the facts necessary to support their claim that the Helicopter Defendants were performing volunteer services under the County's supervision and that the Helicopter Defendants were thus immune from suit under the Voluntary Services Act.

¶ 9 Affirmed.

¶ 10 WE CONCUR: GREGORY K. ORME and STEPHEN L. ROTH, Judges.